UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:06CR00478 |
| | ) | |
| Plaintiff, | ) | JUDGE O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD HOOD, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Donald Hood's *Motion for Review of Pre-Trial Order of Detention* (Doc. 23) in which Defendant seeks review of the Magistrate Judge's order of his detention pending trial. Based on a *de novo* review of the record, and for the reasons discussed below, the Court **ORDERS** Defendant Donald Hood's continued pretrial detention.

**I.    Hood Is Statutorily Presumed to Be a Danger and a Flight Risk**

At the center of Hood's Motion for Review of Pre-Trial Order of Detention is defense counsel's misunderstanding of the presumption of detention applicable in this case under 18 U.S.C. § 3142(e). The statute unambiguously states that a rebuttable presumption requiring detention arises where, as here, the judicial officer finds probable cause to believe that a defendant committed certain drug-related offenses for which a maximum term of imprisonment of ten years or more is prescribed. *See* 18 U.S.C. § 3142(e). As the grand jury indictment and Magistrate Judge Patricia A. Hemann's findings demonstrate, probable cause exists. *United*

*States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) ("The indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption.") (citations omitted). Where probable cause exists, it is incumbent upon the defendant to produce some credible evidence contradicting the presumption. *Id.* (citing *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir.1985)) (noting "[t]he presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too little deference to Congress' findings regarding this class.'"). Defendant, however, pointlessly argues that: "the only proof of future dangerousness that the Government is attempting to show is that supposedly he committed these acts in the past and therefore there is a presumption that he will commit them in the future;" and/or "[t]here is no indication apart from the indictment that the defendant ever did anything criminal . . ." (Hearing Tr., at 33-34 (Oct. 12, 2006).) Yet, what Defendant complains of is precisely what the legislative presumption to which this Court must defer dictates – because the government has demonstrated probable cause by the fact of the indictment *alone*, the Defendant must be detained. Defendant can avoid such a result only if he provides some credible evidence rebutting the presumptions of dangerousness and flight risk *and* the government ultimately fails to prove either.

II.     **Hood Has Not Rebutted the Presumption That He Is Dangerous or a Flight Risk.**

Rather than address the issue of dangerousness, Defendant has chosen to focus on the difficulties he, his family, and his businesses will experience from his detention. This is insufficient and of marginal, if any, relevance to rebut the presumption of dangerousness. Thus, because the Defendant has failed to even come forward with evidence of non-dangerousness,

the presumption in favor of detention controls and no further inquiry is necessary to allow this Court to affirm the Magistrate Judge's order of detention.

Even if the Defendant had presented sufficient evidence to rebut the statutory presumption of dangerousness, moreover, the Court would still conclude that detention is appropriate on dangerousness grounds in this case. The Court is to consider all of the evidence presented at hearing in light of the factors set forth in 18 U.S.C. § 3142(g):

(1) [t]he nature and the circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). When considering these factors, the Court must continue to weigh and give effect to the statutory presumption in 18 U.S.C. § 3142(e). Thus, while detention is not automatic where the defendant rebuts the presumption with evidence indicating non-dangerousness, the presumption does not disappear and remains relevant to the Court's analysis.

The record here discloses substantial evidence of Defendant's involvement in large-scale drug activities as well as his possession of a sawed-off shotgun. Given this evidence, the Court finds that Donald Hood's potential for continued drug-trafficking involving large amounts of narcotics while released on bail poses a significant and unacceptable risk to the safety of the community.

To the extent Defendant's arguments at the hearing and in his brief suggest that he has provided sufficient evidence to rebut the presumption that he is a flight risk, they do not alter the Court's view regarding the propriety of detention. The Court may order detention if it finds that a defendant is *either* a flight risk *or* a danger to the community; it need not find both. *See*, *e.g., United States v. Hernandez*, No. 02-Cr-006, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002) (citations omitted). Having found that Defendant Hood's release would pose a danger to the community, the Court need not address the risk that he might flee.

The Court finds in any event that the Defendant's argument that his home, family, and business demonstrate that he is not a flight risk is unpersuasive. Other courts have dismissed similar claims, noting: "[the] alleged family ties . . . [were] a reflection of the drug conspiracy itself . . . . [a] house is not compelling as a tie to the community when its loss through forfeiture is a possibility because of its use in drug trafficking." *United States v. Rueben*, 974 F.2d 580,

586 (5th Cir. 1992) (reversing district court's revocation of pre-trial detention order). "Similarly, a job is meaningless as an indicator of future appearances before the court when it is directly connected to drug trafficking." *Id.* Here, the defendant's brother is a co-defendant, and the information available to the Court suggests that Defendant's home served as a repository for cash and weapons, and that substantial criminal activity took place at Hood's business (where several kilograms of cocaine were confiscated). Weighed against this is evidence that the Defendant has substantial ties to large scale drug distributors, has access to large amounts of cash, and faces a substantial sentence if convicted in this case. Thus, even if relevant, the Court finds that the government has presented sufficient evidence (including the statutory presumption to that effect) that Defendant is a flight risk and the Defendant has presented no meaningful evidence to the contrary.

For the foregoing reasons, the Court **ORDERS** Defendant Donald Hood's pretrial detention.

**IT IS SO ORDERED.**

                                                s/Kathleen M. O'Malley
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: November 15, 2006**